Morgan, J.
On the sixth February, 1871, Mrs. Deynoodt, duly authorized and empowered by her husband, executed her two promissory notes, each for the sum of $6000, payable one year after date.
The notes were payable to her own order and were by her indorsed. *250 Their payment was secured by a mortgage upon her Armant plantation, situate in the parish of St. Charles.
On the twenty-seventh of February, 1871, these notes were pledged to E. J. Gay & Co. by Theo. Guyol, as collateral security for the payment of all advances to be made by Gay & Co. to Mrs. Deynoodt, to enable her to cultivate her plantation, to the amount of $10,000, with interest, commissions, costs and charges thereon for that year (1871.)
On the twenty-seventh February, 1871, Gay & Co. entered into an agreement with Mrs. Deynoodt, who was authorized by her husband, to advance her money to carry on her plantation for that year, the aggregate amount never to exceed, at any one time, the sum of $10,000.
The advances made by Gay & Co. to Mrs. Deynoodt for the year 1871 amounted to $16,884 67. The proceeds of her crop left a deficit of $7670 15.
Gay & Co. continued, under an authorized contract, to do Mrs. Deynoodt’s plantation business for the year 1872.
Mrs. Deynoodt was authorized to borrow from Gay & Co. $17,921 74, for advances made and to be made to her, to secure which she granted a privilege upon the crop which she was to make.
The result of this year’s enterprise, added to the former, still show a balance due Gay & Co. $6411 44.
Gay & Co. applied for and obtained an order of seizure and sale upon the notes of Mrs. Deynoodt, above described. She enjoined the sale of the property mortgaged to secure their payment upon the grounds that Gay & Co. are not the owners of the notes; that they gave no consideration therefor; that they were obtained by unlawful means; that Guyol owns them, and that she has a good defense against him; that Gay & Co. received the notes from Guyol as collateral security for the payment of certain advances which were to be made by Gay & Co. to herself, and fixed the sum at $10,000; that this amount has been entirely paid; that the notes were obtained from her by unlawful means.
Gay & Co. excepted to the petition on the ground that it discloses no cause of action; they also moved that the defendant be made to prove the truth of the allegations contained in her petition of opposition and injunction. The exception and motion were tried together. The district judge decided in favor of the defendant. Plaintiffs appeal.
If the facts are as stated in the petition the cause of action is apparent. It remains to be seen whether the judgment is correct. There is no evidence of fraud or bad faith on the part of Gay & Co. in regard to their possession of the notes. They were in the hands of Guyol; they were negotiable, and were transferable by delivery. Guyol gave them in pledge to the plaintiffs, who, in consideration thereof, were to make advances to the defendant. Gay & Co. restricted the amount of these *251 advances to $10,000; but the defendant exceeded this limit. We do not think she can take advantage of this act of her own, and we think that Gay & Co. have the right to cause the property mortgaged to be sold so as to satisfy the amount due them for advances made to the defendant. This amount is $6411 44.
It is therefore ordered, adjudged and decreed that the judgment of the district court be avoided, annulled and reversed, and that there be judgment in favor of the plaintiffs, and that the property mortgaged and described in the petition be sold, and that out of the proceeds of the sale thereof the plaintiff be paid the sum of six thousand four hundred and eleven dollars and forty-four cents.